# John Hancock Mutual Life Insurance Company v. Michael Powell, Administrator.

1. CREDIBILITY OF WITNESS—*how testimony of impeached witness to be treated.* Though a witness be discredited by impeachment or contradiction, and though it appear that he has wilfully sworn falsely as to some material fact in controversy, his testimony as to other facts, when corroborated by other credible evidence, must be considered (not necessarily believed) by the jury.

2. ARGUMENT—*when refusal to hear, not error.* It is not error for the court to refuse to hear an argument upon a particular proposition of law involved in a cause where it appears that the decision of the court upon such proposition was correct.

Action of assumpsit. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed September 9, 1904.

GEORGE L. CORLIS, for appellant.

B. H. CANBY, for appellee.

MR. JUSTICE MYERS delivered the opinion°of the court.

Appellee, as administrator of the estate of Katie Powell, deceased, sued appellant in assumpsit on its policy of insurance to recover $284, the sum specified to be paid on the death of plaintiff's intestate. The defendant (appellant) filed the general issue, on which the case was tried by jury, resulting in a verdict for plaintiff for $292.50, the face of the policy and interest. Motion by defendant for new trial and in arrest of judgment was overruled and judgment entered on the verdict, from which the defendant appealed.

At the close of plaintiff's evidence and again at the close of all the evidence the defendant moved the court to instruct the jury to find for the defendant. The motion was denied and the instruction refused. In support of its contention that the court erred in refusing the peremptory instructions the appellant argues at considerable length, that appellee was bound to prove his appointment and authority to bring suit, a proposition frequently considered by

the Supreme Court of Illinois and always decided adversely to the contention here made. A plea of the general issue to a declaration by an administrator admits the representative capacity of the plaintiff and proof of appointment and letters is not required. Union Ry. & Transit Co. v. Shacklet, Admr., 119 Ill. 232.

Appellant tendered an instruction that "if the jury believe that any witness has wilfully testified falsely to any material fact in the case, the jury may disregard the whole or any part of such witness's testimony." To this the court added, "except wherein it has been corroborated," etc., and then gave the instruction. Complaint is made of the modification. It will profit us nothing to indulge in speculation or philosophical discussion in the line of appellant's argument, in view of the repeated decisions of our higher courts. Though a witness be discredited by impeachment or contradiction, and though it appear that he has wilfully sworn falsely as to some material fact in controversy, his testimony as to other facts, when corroborated by other credible evidence, must be considered (not necessarily believed) by the jury. Such is the doctrine in this state. The instruction was properly modified and it would have been error to give it without such modification. Johnson v. Johnson, 187 Ill. 96.

The third point in argument is that the trial judge overruled the motion for a new trial and in arrest of judgment without hearing argument in support of these motions. Inasmuch as the judgment of the court in ruling upon these motions was right, and that any other judgment would have been erroneous, the failure to hear argument in nowise prejudiced the appellant in his legal rights. The case, Board of Education v. Hoag, 21 Ill. App. 590, cited by appellant, is only remotely applicable to the contention here. In that case verdict and judgment were entered in the absence of the defendant, who afterwards, and at the same time, moved the court to set the judgment aside and for leave to file a motion for new trial. This was denied, which the Appellate Court held was error. In this case

appellant's motion preceded the judgment, and though hearing of argument was denied, presumably the motions were duly considered by the court.   From verdict to final judgment the proceedings, according to the record, appear to have been regular, orderly and without any error prejudicial to appellant's rights.

After studious consideration of appellee's first and appellant's fourth given instructions, we are unable to detect the repugnancy urged by appellant in argument under point four.   There is some difference in phraseology and verbiage, but the jury must have understood both instructions as conveying the same identical proposition of law upon the doctrine of waiver.   The authorities cited in support of the point are without application.

Having considered the several points in argument of appellant and finding no prejudicial error in the record, the judgment of the lower court will be affirmed.

*Affirmed.*